# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND, IN

| | |
|---|---|
| MARY JAMIE | ) |
| Plaintiff, | ) Case No. 20-61 |
| v. | ) |
| LAKE COUNTY, INDIANA a/ka/ LAKE COUNTY 911 DEPARTMENT | ) Magistrate Judge: |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff MARY JAMIE, by undersigned counsel, and for her first cause of action and Complaint for Damages against the Defendant, allege and say:

### Jurisdiction

1. That at all times relevant hereto, the Plaintiff MARY JAMIE is and has been a resident of Lake County, Indiana.

2. That at all times relevant hereto, the Defendant LAKE COUNTY a/k/a LAKE COUNTY 911 DEPARTMENT (hereafter referred to as LC-911) was headquartered and operated in Lake County, Indiana.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1131, 1343, and 42 U.S.C. §2000e.

### Venue

4. The unlawful employment actions described herein were committed in the State of

Indiana in Lake County, thusly United States District Court for the Northern District of Indiana is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

**Administrative Exhaustion**

5. In September of 2019 Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission in the Indianapolis District Office against LC-911 for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) and 42 U.S.C § 1981.

**General Allegations**

6. On November 12, 2019 Plaintiff received Notice of Right to Sue by the United States Equal Employment Opportunity Commission's Indianapolis District Office.

7. The Plaintiff, MARY JAMIE, is a Latina woman of Puerto Rican decent.

8. Plaintiff began her employment with LC-911 in November of 2014.

9. Plaintiff's most recent position with LC-911 was as a supervisor in the dispatch center in Crown Point, Indiana.

10. From the onset of her employment with LC-911, the Plaintiff experienced systematic, race based discrimination, the first instance being the disproportionate discipline and singling-out of different racial makeups during supervisory meetings, including but not limited to Plaintiff.

11. All complaints regarding other minority employees were specifically directed to JAMIE and she was directed to handle "them" (referring to minority individuals).

12. This was in direct contravention to the manner other complaints against non-minority

employees were handled.

13. Additionally, at another supervisory meeting both the director of LC-911 and multiple supervisors openly, and without fear or discipline, made racist comments about minority employees all being the same, then passed around a cell phone with a picture of another minority employee while making references to "these people", "singing gospel music".

14. That during the course of her employment JAMIE along with other minority employees, made caricatures of themselves and hanged these caricatures in their personal working spaces.

15. That shortly after hanging these caricatures, two non-minority employees were allowed to take down these caricatures without any kind of explanation and throw the pictures in the trash.

16. That there was never an investigation or inquiry into this reprehensible behavior after it was reported.

17. That on or about early 2017, a news article in The Times (a local publication) alleging unfair treatment of employees and racist allegations towards the director of LC-911 was published.

18. That following this publication, the director of LC-911 called JAMIE along with other minority employees into his office (individually) to read them the article, gauge their reaction, then questioned whether JAMIE was the author or knew who was.

19. This procedure was repeated for each minority employee.

20. That the director informed the office on multiple occasions that to refer to the office or him individually as racist would "get you sued".

21. That in 2017 employees were asked to attend an overnight conference out of town.

22. That it was common and established practice that like-sex employees shared hotel rooms (e.g. Men with men and women with women in rooms).
23. That of his own volition, the LC-911 Director felt it necessary to ask a white employee if she was comfortable sleeping in the same room as a black female employee.
24. That on or about October of 2018, JAMIE was unfairly disciplined for creating a "mandating" schedule that was nearly identical to another white employee's mandating schedule and JAMIE was singled out and forced to work short-handed due to discriminatory animus.
25. On approximately November 13, 2018, out of desperation, JAMIE complained to the human resources department (HR) regarding the racial hostility she was experiencing.
26. That JAMIE informed HR that a multitude of instances had occurred in which minority employees were being openly ridiculed and negative racial attitudes and stereotypes were running rampant at LC-911.
27. JAMIE was assured that voicing her concerns and complaints would not yield any negative consequences.
28. That to date, JAMIE's concerns were never addressed and no one was ever held accountable.
29. That roughly six (weeks) after her meeting with HR, Plaintiff was retaliated against for complaining to HR, and subsequently demoted, with her pay scale being decreased simultaneously.
30. That JAMIE was told the timing was simply coincidental for her demotion.
31. That due to the constant racial hostilities and discrimination, Plaintiff was forced to resign from her position at LC-911.

**First Cause of Action (For Violations of 42 U.S.C. § 1981)**

32. Plaintiff incorporates paragraphs 1 through 30 herein by reference.

33. Mrs. Jamie is a Latina woman protected from racial discrimination by 42 U.S.C. § 1981.

33. Mrs. Jamie received disparate treatment compared to other similarly situated, non-minority employees in discipline, treatment, and oppertunities.

34. Other non-minority instructors were not disciplined for similar offenses like Plaintiff.

35. The stated reasons for the discipline Plaintiff endured were and are pretexts for discrimination.

36. Plaintiff had a long history of satisfactory work performance and was performing her job satisfactorily during the time period relevant to this Complaint.

37. Defendant's actions and omissions violated Plaintiff's rights secured by 42 U.S.C. § 1981.

**Second Cause of Action (For Violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*)**

38. Paragraphs 1 through 37 are incorporated herein.

39. Plaintiff has exhausted all administrative filing requirements of 42 U.S.C.

§§ 2000e.

40. By the foregoing acts Defendants violated Title VII by discriminating against Mrs. Jamie because of her race in the terms, conditions and privileges of her employment.

41. Defendants' actions were carried out with malice and reckless disregard for Plaintiff's federally protected civil rights.

### Third Cause of Action (For Violations of 42 U.S.C. § 2000e-3)

42. Paragraphs 1 through 41 are incorporated herein.

43. That Plaintiff engaged in the protected activity of reporting an unlawful employment practice, i.e. racial discrimination.

44. That LC-911 discriminated against Plaintiff by demoting and lowering her pay in retaliation for reporting racial discrimination and in direct contravention to 42 U.S.C. § 2000e-3.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a. Backpay;

b. Front pay in lieu of reinstatement;

c. Nonpecuniary and compensatory damages, including damages for humiliation, emotional distress and medical and consequential damages;

d. Punitive damages;

e. Pre- and post-judgment interest at the highest rate allowed by law;

f. Costs and reasonable attorney's fees; and

g. All other legal or equitable relief to which Plaintiff is entitled.

## Jury Demand

Plaintiff requests this matter be tried by a jury.

<u>/s/: Lloyd P. Mullen</u>
Counsel for Plaintiff
Lloyd P. Mullen, Esq
Mullen & Associates, PC
113 W. Joliet St
Crown Point, IN 46307
219-661-1529
# 14915-19
attorneymullen@gmail.com